Brooke,/.
I concur. I think, that the facts stated, that the father, after saying that he had given the slave to his daughter, told her to go and fetch her negro girl home when she pleased, and that the daughter accordingly went to her father’s house, took the slave, and carried her home with her,—brought the case within the meaning of the statute of 1787, and consummated the gift. The decision of Taylor v. Wallace, upon the construction of the statute of 1758, that actual possession in the donee under a parol gift of slaves, was not sufficient to perfect the title, was no doubt the cause of passing the statute of 1787, to correct that construction. It has been since often held in this court, that a parol gift of slaves, followed by possession subsequently delivered to the donee, passes the title. Here, the direction of the father to his daughter, to go and fetch her negro girl home when she pleased, was clearly a parol gift of the slave; and the donee getting the possession, strictly in pursuance of the direction so given, though her father was not at home at the time, consummated the gift, and put it out of his power to retract it. I, therefore, put out of the case the mother’s declaration, and the father’s refusal to execute a deed of gift.